IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael Nemirovsky, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> Reneotech, Inc. <br><br> Defendant. | Case No.1:23-cv-2112 <br><br> **NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

Defendant Reneotech, Inc. ("Reneotech"), through undersigned counsel, removes the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, in accordance with 28 U.S.C. §§ 1332(d), 1441, and 1446.

1.  On February 8, 2023, plaintiff Michael Nemirovsky ("plaintiff") sued Reneotech in the Supreme Court of the State of New York, County of New York, "individually an on behalf of all others similarly situated." Compl., Caption.

2.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of the following papers are attached to this Notice:

    (a)  Attached hereto as **Exhibit 1** is a true and correct copy of the complaint and the exhibits thereto filed and served on Reneotech in this action; and

    (b)  Attached hereto as **Exhibit 2** is a true and correct copy of all other process, pleadings, and orders filed in this action.

3. In accordance with 28 U.S.C. §1446(d), Reneotech will promptly serve this notice on plaintiff's counsel and file a copy with the clerk of the Supreme Court of the State of New York, County of New York.

4. Plaintiff attests that Reneotech was personally served on February 14, 2023.

5. Under 28 U.S.C. § 1446(b) and Rule 6, Federal Rules of Civil Procedure, this removal is timely because Reneotech removed within 30 days of such service.

6. The time for Reneotech to respond to the complaint has not yet expired.

7. As the Supreme Court has explained, Congress enacted the Class Action Fairness Act ("CAFA") to ensure that federal courts hear large class actions with interstate consequences. *See, e.g.*, *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (recognizing that "CAFA's primary objective [is] ensuring 'Federal court consideration of interstate cases of national importance'"). Where, as here, the amount in controversy exceeds $5 million, a defendant and at least one putative class member are diverse, and the proposed class exceeds 100 members, CAFA confers subject-matter jurisdiction. 28 U.S.C. § 1332(d).

8. The removing party need only provide a "short and plain statement of the grounds for removal" and need not submit evidence with the removal petition. *See generally Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 549 (2014) ("A defendant seeking to remove a case from state to federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'").

**VENUE**

9. Under 28 U.S.C. §§ 84(a) and 1441(a), venue is proper in the United States District Court for the Southern District of New York because this Court embraces the Superior Court of the State of New York, County of New York, where this action was pending.

**BRIEF OVERVIEW OF PLAINTIFF'S ALLEGATIONS**

10. In this putative class action under New York's General Business Law ("GBL") §§ 349 & 350, and alleging breach of express warranty laws of numerous states, plaintiff claims that Reneotech affirmatively misrepresented the nature and characteristics of certain of Reneotech's EcoRaider/EcoVenger products, including Bed Bug Killer, Mosquito-Go, and Ant & Crawling Insect Killer (the "Products").

11. Plaintiff claims that Reneotech deceptively advertised that the Products are "Natural" when in fact they contain non-natural, synthetic ingredients, including geraniol, sodium laureth sulfate, silica, and glycerol monooleate.

12. "Plaintiff brings this matter on behalf of himself and those similarly situated." Compl. ¶ 34. Plaintiff sues under the GBL and for breach of various states' express warranty law. *Id*. ¶¶ 45–76.

13. Plaintiff further defines the class as "all consumers who purchased the Products anywhere in the United States during the Class Period." *Id*. ¶ 35.

14. Plaintiff requests for himself and the putative class an order certifying a class, monetary damages, and costs and expenses, including attorney's fees. Prayer for Relief §§ A–C.

## THE PROPOSED CLASS EXCEEDS 100 MEMBERS

15. Plaintiff sues on behalf of all persons who purchased the Products in the United States during the class period. Without more, this compels concluding that more than 100 putative class members bought the Products.

16. Plaintiff also alleges that "Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above . . . ." Compl. ¶ 39; *see also, e.g.*, *Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[A defendant] may rely on the estimate of the class number set forth in the complaint."). Common sense and plaintiff's allegations independently satisfy the requirement to show that the putative class likely exceeds 100 members.

## RENEOTECH IS DIVERSE FROM AT LEAST ONE PUTATIVE CLASS MEMBER

17. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from the defendant. 28 U.S.C. § 1332(d)(2)(A).

18. Reneotech is a corporation that is incorporated under the laws of New Jersey and its principal place of business is 8400 River Road, North Bergen, New Jersey 07047. *See also* Compl. ¶ 33 (Reneotech is a corporation with its principal place of business in North Bergen, New Jersey); *see Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."). Under 28 U.S.C. § 1332(c)(1), Reneotech is thus a citizen of New Jersey.

19. Based upon the allegations of the complaint, plaintiff is a citizen of New York State. *See* Compl. ¶ 30. Plaintiff does not plead his residence.

20. Plaintiff also sues on behalf of a nationwide class of "all consumers who purchased the Products *anywhere in the United States* during the Class Period." Compl. ¶ 35 (emphasis added).

21. The putative class is thus not limited to citizens of New Jersey.

22. On the face of the complaint, it is thus apparent that the putative class includes both citizens and non-citizens of New Jersey, thereby satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2).

## **THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION**

23. This case satisfies CAFA's amount in controversy requirement because the amount in controversy exceeds the sum of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(6).

24. CAFA states that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *Id*. The United States Supreme Court has instructed that "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

25. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned

5

by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-88 (2014). "[T]he removing party's burden of describing how the controversy exceeds $5 million constitutes a pleading requirement, not a demand for proof." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (citations omitted); *Dart Cherokee*, 574 U.S. at 89 (defendants may simply allege that the jurisdictional threshold has been met).

26.     Plaintiff does not allege a particular amount in controversy in his complaint but seeks return of the full purchase price of Reneotech's Products on behalf of himself and the class. For example, plaintiff alleges that consumers "[p]aid a sum of money for Products that were not what Defendant represented," Compl. ¶ 22(a), and that absent those alleged misrepresentations, "Plaintiff and the Class Members would not have been willing to purchase the Products." Compl. ¶ 23; *see also* ¶ 32 ("Had defendant not made the false, misleading, and deceptive representation that the Products were 'Natural," Plaintiff would not have been willing to pay the same amount for the Product, and, consequently, would not have been willing to purchase the Product."); ¶ 66 (plaintiff alleges that he and class members are "entitled to monetary, compensatory, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct . . . ."); ¶ 76 ("[a]s a direct and proximate result of Defendant's breach of the express warranty, Plaintiff and Class Members were damaged in the amount of the price they paid for the Products, in an amount to be proven at trial."); ¶ 54 ("Plaintiff and the New York Subclass Members are entitled to monetary, compensatory, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.").

27. During the class period, Reneotech earned in excess of $5 million from sales of the Products in the United States.

28. Because Reneotech earned in excess of $5 million, monetary damages sought in this case exceed the statutory threshold.

29. In addition to seeking monetary damages, plaintiff also seeks costs and expenses, including reasonable fees for plaintiff's attorneys and experts. Compl., Prayer for Relief.

30. As a result, the amount in controversy from plaintiff's request for monetary damages and attorney's fees on behalf of himself and the proposed class exceeds $5 million.

## CONCLUSION

31. Because the amount in controversy exceeds $5 million, because Reneotech's citizenship differs from at least one member of the putative nationwide class, and because the proposed class exceeds 100 members, CAFA confers subject-matter jurisdiction.

32. If any question arises about the propriety of removal, Reneotech requests an opportunity to submit briefing and present oral argument in support of removal before an order resolves the question.

33. Nothing about this removal waives (or should be construed to waive) any available right, argument, or objection.

34. Reneotech respectfully reserves the right to amend or supplement this notice.

Respectfully submitted this 13th day of March 2023.

**KING & SPALDING LLP**

By:   */s/ Alvina Pillai*
Alvina Pillai
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Tel: (212) 556-2100
apillai@kslaw.com

*Attorney for Defendant,*
*RENEOTECH, INC.*